IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JAMES L. SAHS, | ) | 4:10CV3161 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of the Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Plaintiff James L. Sahs' ("Sahs") amended application for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  (Filing 30.)  Along with his amended motion, Sahs has filed a brief and index of evidence in support.  (Filings 27 and 28.)  The Commissioner has filed an objection.  (Filing 31.)  Sahs filed a response to the Commissioner's objection along with a supplemental index of evidence.  (Filings 32 and 33.)

**I. BACKGROUND**

On August 5, 2011, I reversed and remanded this case to the Commissioner under sentence four of 42 U.S.C. § 405(g).  (Filings 21 and 22.)  On November 3, 2011, Sahs' counsel filed an application for attorneys fees.  (Filing 26.)  Four days later, Sahs' counsel  moved to amend his application (filing 29) and filed an amended application for attorney's fees (filing 30).¹  In his amended application, Sahs' counsel requests the following fees:

---

¹Because the Commissioner has not objected to Sahs' motion to amend, the court will grant it and dismiss Sahs' original application for attorney's fees (filing 26) as moot.

- $6,935.95 in attorney's fees, based on 38.80 hours of work at hourly rates ranging from $175.11 to $181.39;

- $1,226.10 for law clerk services, based on 40.87 hours at an hourly rate of $30; and

- $263.75 for paralegal services, based on 10.3 hours at an hourly rate of $25.00 for "Paralegal 1," and 0.25 hours at an hourly rate of $25.00 for "Paralegal 2."

(Filing 28 at CM/ECF pp. 3-10.)

Sahs' counsel specifically requests that a payment of $8,425.80, the sum amount of the fees above, be made directly to him. (*Id*. at CM/ECF p. 10.) The Commissioner does not object to payment of EAJA fees. (Filing 31 at CM/ECF p. 1.) However, the Commissioner does object to the total amount of fees requested and to Sahs' counsel's request for direct payment. (*Id*.)

## II. DISCUSSION

The EAJA requires an attorney seeking fees to submit "an itemized statement . . . stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Where documentation is inadequate, the court may reduce the award accordingly. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The court has broad discretion to determine the amount of time reasonably expended, and an EAJA fee award is reviewed only for abuse of discretion. *See Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990) ("the ultimate amount of an EAJA fee award remains within the district court's discretion"). In determining whether a fee request is reasonable, "[t]he court should consider not merely whether the attorney's work was valuable to the client, but whether the issues were novel or complex, whether the record is voluminous or the facts are unusually complex, whether the attorney's specialized skill or knowledge was required, and what the usual

number of hours for similar cases are in the area." *Johnson v. Barnhart*, No. 03-0054-CV-W-REL-SSA, 2004 WL 213183, at *1 (W.D. Mo. Jan. 13, 2004) (citing *Stockton v. Shalala*, 36 F.3d 49, 50 (8th Cir. 1994)).

Here, Sahs' counsel argues that his fee request is reasonable and supported by the following circumstances: he is blind and requires sighted assistance, he did not represent Sahs at the administrative level, the record is lengthy, he made a number of arguments and he obtained a favorable result for his client. (Filing 28 at CME/ECF pp. 13-16; Filing 32 at CM/ECF p. 2.) In contrast, the Commissioner argues the requested fee is unreasonable because the number of hours claimed is excessive, no novel arguments were raised, some claimed services are duplicative and the requested paralegal service reimbursement rate is much greater than the paralegal's actual wage. (Filing 31 at CM/ECF pp. 2-7.) The Commissioner also notes that although the transcript is lengthy, it is not unusual, and an experienced attorney, such as Sahs' counsel, should be able "to identify and argue most Social Security law issues and factual scenarios without unusual expenditures of time." (*Id*. at CM/ECF p. 4.) The Commissioner suggests that a total fee of $6,200.00 is appropriate, noting that the fee would represent compensation for more than 35 hours of attorney time at an hourly rate of $175.00. (*Id*. at CM/ECF p. 7.)

In determining the amount of a reasonable fee, I have carefully considered the arguments of both parties. I find that Sahs' counsel's blindness is a "unique circumstance" that should be considered. *Stockton*, 36 F.3d at 50 (remanding for a modification in the fee award, finding that counsel's blindness was a unique circumstance justifying some duplication of time between the attorney and paralegal). I am also mindful that Sahs' counsel did not represent Sahs at the administrative level. As a result, Sahs' counsel was required to take time to familiarize himself with the record below.

Although I agree that the transcript is not unusual and that the arguments were not novel, it does not appear that Sahs' counsel is claiming duplicative, unnecessary

3

or excessive hours. Further, the Commissioner's argument that the requested paralegal service rate is too high lacks merit. A prevailing party that satisfies EAJA's other requirements may recover paralegal fees at their "prevailing market rates." *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 589-90 (2008). The paralegal service rates requested appear to fall toward the lower range of paralegal service rates in this area. *See Lacy v. Massanari*, No. 4:01CV3000, 2002 WL 269382, at *3, n.1 (D. Neb. Feb. 26, 2002) (discussing paralegal service rates ranging between $30 and $65 per hour).

In determining the amount of a reasonable fee, I have also reviewed recent social security cases from this court. (*See, e.g.,* (Case No. 4:10CV3055, Filing 39 (awarding attorney fees of $8,916.15 where 89.78 combined attorney, law clerk and paralegal hours were claimed); (Case No. 4:08CV3057, Filing 43 (reducing requested award of $18,472.61 to $7,389.04, where 292 combined attorney, law clerk and paralegal hours were claimed).) Sahs' counsel's fee request of $8,425.80, for 90.22 combined attorney, law clerk and paralegal hours is within the range of EAJA fees recently awarded by this court. *See also Stockton*, 36 F.3d at 50 (remanding with instructions to modify the fee award to $6,941.39 for 97.85 combined attorney and paralegal service hours). I will also award an additional fee of $87.50, based on 0.5 hours of attorney time, at a rate of $175.00 per hour, for replying to the Commissioner's objection.[2]

With regard to the method of payment, the fee application was accompanied by an affidavit signed by Sahs in which he personally requested that payment be made directly to his attorney in order to discharge his obligation under the fee agreement

---

[2]Sahs counsel requests an additional $827.05, based on 4.55 attorney hours at a rate of $181.77, for replying to the Commissioner's objection to his fee application. (Filing 32 at CM/ECF p. 13. However, as a rule of thumb, I will award an additional fee based on 0.5 hours of attorney time for replying to the Commissioner's objections to a fee application. (*See* Case No. 4:06CV3156, Filing 33 at CM/ECF p. 2, n.2.)

with his attorney. (Filing 28 at CM/ECF pp. 21-22.) Because Sahs expressly authorized direct payment to his attorney, and because the Commissioner has not shown, let alone suggested, that he would be prejudiced by the granting of Sahs' request, I will order that payment be made directly to Sahs' attorney, after an offset is made for any pre-existing debt owed by Sahs to the United States. *See, e.g., Meyer v. Astrue*, Civ. No. 09-3205 (MJD/LIB), 2011 WL 4036398, at *3 (D. Minn. Aug. 25, 2011) (recognizing that district courts in the Eighth Circuit have ordered fees paid directly to counsel as long as the Government is afforded an opportunity to offset any preexisting debt owed by the plaintiff, and the plaintiff has assigned all rights in the fee award to counsel).

Accordingly,

IT IS ORDERED:

1. Sahs' motion to amend application for attorneys fees (filing 29) is granted.

2. Sahs' original application for attorneys fees (filing 26) is denied as moot.

3. Sahs' amended application for attorneys fees (filing 30) is granted.

4. The Commissioner's objection to Sahs' amended application for attorneys fees (filing 31) is denied.

5. By separate document, the court shall enter judgment for Sahs and against the Commissioner, providing that Sahs is awarded attorney fees of $8,513.30, subject to offset by any preexisting debt that he owes to the United States.

6. Payment of the attorney fee award, minus any applicable offset, shall be made to Sahs' attorney, Stephen Speicher.

DATED this 16th day of December, 2011.

BY THE COURT:

s/*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.