IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JAMES L. SAHS, | ) | 4:10CV3161 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of the Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

On August 5, 2011, I reversed and remanded this matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Filings 21 and 22.) Now, following the entry of a favorable decision by the administrative law judge ("ALJ") on remand, and the computation of past-due benefits, plaintiff's attorney has filed a motion for an award of attorney fees under 42 U.S.C. § 406(b),[1] in the amount of $14,790.97. (Filing 36.) The Commissioner does not object to a 406(b) award in this case, but argues that the fee request *may* be unreasonable. (Filing 40.) The Commissioner asks me to "independently review the fee request to determine whether the amount sought

---

[1] Section 406(b) provides in part:

>   (1)(A) Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

is reasonable." (*Id*. at CM/ECF p. 2.) Upon careful consideration of the record, I will award plaintiff's attorney a fee of $14,790.97 under § 406(b), to be paid out of past-due benefits, and will direct him to refund to plaintiff the sum of $8,513.30 that was previously awarded under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA").

## I.  BACKGROUND

On April 26, 2006, plaintiff James L. Sahs ("Sahs") filed an application for disability insurance benefits. (Tr. 26, 118-20.) In his application, Sahs alleged that he had been disabled, and unable to perform substantial gainful activity, since August 13, 1975. (Tr. 16, 18.) Sahs' application was denied initially and on reconsideration. (Tr. 16, 29-31, 44-53, 58-61.) On March 3, 2009, an ALJ issued a decision finding that Sahs was not disabled within the meaning of the Social Security Act. (Tr. 13-27.) Sahs filed a timely request for a review hearing with the Appeals Council of the Social Security Administration. (Tr. 780.) On June 16, 2010, the Appeals Council denied Sahs' request for review. (Tr. 5-6.)

On June 23, 2010, Sahs executed a fee agreement with an attorney to appeal his claims to the United States District Court for the District of Nebraska. (Filing 39-1.) Sahs understood that if benefits were awarded, the amount of the fee would be the larger of (1) a portion of his past-due benefits awarded not to exceed twenty-five percent of total past-due benefits, or (2) an attorney fee awarded under the EAJA. (*Id*. at CM/ECF pp. 1-2.)

On August 5, 2011, I reversed and remanded this matter to the Commissioner to properly develop the record pursuant to SSR 00-4p and address whether Sahs' impairments satisfied Listing 1.08 of the Listing of Impairments. (Filing 21 at CM/ECF p. 16.) On November 7, 2011, Sahs filed an amended motion for attorney's fees under the EAJA, 28 U.S.C. § 2412. (Filing 30.) I granted this motion and awarded attorney fees of $8,513.30. (Filing 34 at CM/ECF p. 5.) This amount

represented $6,935.95 for 38.80 hours of work by Sahs' attorney, $1,489.85 for work performed by paralegals and law clerks, and $87.50 for work by Sahs' attorney in replying to the Commissioner's objection to Sahs' motion for attorney's fees. (*Id*. at CM/ECF pp. 2-6.)

Following a hearing on remand, the ALJ issued a favorable decision, concluding that Sahs has been disabled since August 13, 1975. (Filing 39-2 at CM/ECF p. 9.) On May 25, 2012, Sahs filed a motion for attorney's fees in this court along with brief and index of evidence in support. (Filings 36, 37 and 38.) Sahs later filed an amended index of evidence. (Filing 39.) As part of the amended index, Sahs filed a notice of award that states in part: "You will receive $44,372.93 . . . . This is the money, after all deductions, you are due for April 2012." (Filing 39-3 at CM/ECF p. 2.) The notice of award also states: "We usually withhold 25 percent of past due benefits in order to pay the approved representative's fee. We withheld $14,790.97 from your past due benefits in case we need to pay your representative." (*Id*. at CM/ECF p. 3.) In his motion, Sahs asks me to award an attorney's fee under 42 U.S.C. § 406(b), in the amount of $14,790.97. (Filings 36 and 37.) The Commissioner has responded, arguing that a fee of this size *may* be unreasonable and it *may* represent a windfall for Sahs' attorney. (Filing 40 at CM/ECF p. 2.) Sahs has replied. (Filing No. 41.)

## *II. DISCUSSION*

### A.   Reasonableness of Sahs' Attorney's Fee Request

Section 406(b) of the Social Security Act "controls fees for representation [of Social Security claimants] in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) (citing 20 C.F.R. § 404.1728(a)). Under § 406(b), "a court may allow 'a reasonable fee . . . not in excess of 25 percent of the . . . past-due benefits' awarded to the claimant." *Id*. at 795 (quoting 42 U.S.C. § 406(b)(1)(A)). Section 406(b) expressly requires any attorney's fees awarded under that section to be payable "out of, and not

3

in addition to, the amount of [the] past due benefits." 42 U.S.C. § 406(b)(1)(A). In *Gisbrecht*, the Supreme Court concluded § 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court."  *Gisbrecht*, 535 U.S. at 807.  Section 406(b), however, requires the court to assess the reasonableness of attorneys' fees requested under contingent-fee agreements.  *Id*. at 809.   The Supreme Court explained:

> Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order.

*Id*. at 807-08 (citations and footnote omitted).  In assessing the reasonableness of a 25 percent contingent fee under § 406(b), it is appropriate to consider the de facto hourly rate.  *See id.* at 808 (noting that "the court may require the claimant's attorney to submit, . . . as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge").

Here, Sahs' attorney asks me to conclude that $14,790.97, for 43.35 hours of work, is a reasonable attorney's fee. (Filing 36; Filing 37 at CM/ECF p. 4; Filing 30; Filing 33-1.)  To generate a non-contingent fee of $14,790.97 for 43.35 hours of work, Sahs' attorney would need to charge $341.19 per hour.  However, when an attorney

4

proceeds on a contingency basis, an attorney fee that might otherwise appear unreasonable is perfectly appropriate. *See, e.g.,* Bear v. Astrue, 544 F. Supp. 2d 881, 883 (D. Neb. 2008) (awarding $10,288.50 under section 406(b) for 29.4 hours of work); Watterson v. Astrue, No. 3:06-cv369-J-HTS, 2008 WL 783634 (M.D. Fla. Mar. 21, 2008) (awarding $28,767.10 under section 406(b) for 26.4 hours of work).

Considering the factors discussed in *Giesbrecht*, I find that Sahs' attorney has requested a reasonable fee under 42 U.S.C. § 406(b). He did not request more than the statutory limit of 25 percent of total past-due benefits. In addition, he has substantial experience litigating Social Security cases in this court and provides competent and good quality work for his clients. It is also significant that Sahs has signed an affidavit stating that he supports the 25 percent contingent fee. (Filing 39-5 at CM/ECF pp. 2-3.) Accordingly, I will grant Sahs' motion for attorney's fees pursuant to 42 U.S.C. § 406(b) in the amount of $14,790.97.

**B.     Payment of Sahs' Attorney Fee**

Turning to the payment of the fee, Sahs asks me to direct the Commissioner to pay his attorney $7,767.52 from any funds currently being withheld from plaintiff's past-due benefits, and to release $7,023.45, the amount he labels "attorney's fees" awarded pursuant to the EAJA, to plaintiff. (Filing 39-4 at CM/ECF p. 2.) The Commissioner argues that the prior EAJA award was actually $8,513.30, and Sahs' attorney should be required to refund $8,513.30 to plaintiff. (Filing 40 at CM/ECF p. 3.) I agree with the Commissioner regarding the amount of the prior EAJA award, which was $8,513.30 rather than $7,023.45. (*See* Filing 34.) Sahs' attorney should refund to Sahs the $8,513.30 in attorney fees previously awarded under the EAJA. *See* Dubsky v. Astrue, No. 4:08CV3057, 2010 WL 1780009 (D. Neb. Apr. 30, 2010) (ordering counsel to refund the full EAJA award, which included payment for attorney, law clerk and paralegal work, after receiving § 406(b) fees); *see also* Dubsky v. Astrue, No. 4:8:06CV446, 2009 WL 1606058 (D. Neb. June 8, 2009).

5

IT IS ORDERED:

1. The motion for attorney fees pursuant to 42 U.S.C. § 406(b) (filing 36) is granted as follows:

   a. Sahs' attorney is entitled to an attorney fee of $14,790.97 from Sahs' past-due benefits.

   b. The Commissioner shall distribute $14,790.97, the amount withheld to pay Sahs' representative, to Sahs' attorney. However, Sahs' attorney shall immediately refund to Sahs $8,513.30, which is the full amount previously awarded under the EAJA.

   c. Sahs and Sahs' attorney shall provide the Commissioner with documentation showing that the prior EAJA award has been refunded.

   d. In all other respects, the motion is denied.

2. Judgment shall be entered by separate document.

DATED this 11th day of July, 2011.

BY THE COURT:

s/ *Richard G. Kopf*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.