IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JAMES L. SAHS, | ) | 4:10CV3161 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of the Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before me on James L. Sahs' ("Sahs") Motion to Amend or Alter. (Filing 44.)  For the reasons discussed below, the Motion is granted in part and denied in part.

On July 11, 2012, I entered a Memorandum and Order granting Sahs' Motion for Attorney Fees as follows:

     a.    Sahs' attorney is entitled to an attorney fee of $14,790.97 from Sahs' past-due benefits.

     b.    The Commissioner shall distribute $14,790.97, the amount withheld to pay Sahs' representative, to Sahs' attorney. However, Sahs' attorney shall immediately refund to Sahs $8,513.30, which is the full amount previously awarded under the [Equal Access to Justice Act ("EAJA")].

     c.    Sahs and Sahs' attorney shall provide the Commissioner with documentation showing that the prior EAJA award has been refunded.

     d.    In all other respects, the motion is denied.

(Filing 42.)  Sahs now asks me to alter or amend this Memorandum and Order in two ways.  First, Sahs states that his attorney cannot refund $8,513.30 until he has actually received the $14,790.97 fee award.  (Filing 44; Filing 45 at CM/ECF pp. 2-3.)  Sahs takes issue with the word "immediately" and argues that the Memorandum and Order "offers no reason not to interpret that word literally."  (Filing 45 at CM/ECF p. 2.) Stated another way, Sahs interprets the Memorandum and Order to require a refund of $8,513.30 before he receives the $14,790.97 fee award.

I specifically directed the Commissioner "to distribute $14,790.97, the amount withheld to pay Sahs' representative, to Sahs' attorney."  (Filing 42 at CM/ECF p. 6.) In that same section, and after this direction, I stated: "However, Sahs' attorney shall immediately refund to Sahs $8,513.30, which is the full amount previously awarded under the EAJA."  (*Id*.)  To the extent that Sahs' attorney is confused,  I will grant his motion, in part, to clarify that he shall immediately refund $8,513.30 *after* the Commissioner distributes $14,790.97 to him.

Next, Sahs argues that I should alter or amend the Memorandum and Order and Judgment to modify the amount of the refund from $8,513.30 to $7,023.45.  (Filing 45 at CM/ECF pp. 3-5.)   In making this argument, Sahs' attorney asserts that $1,489.85 of his $8,513.30 prior EAJA award was for paralegal and law clerk "expenses."  (*Id*.)  He does not believe he should be required to refund those amounts. (*Id*.)  However, this court has repeatedly directed Sahs' attorney, Steven Speicher, to refund the *entire* EAJA award where he has raised similar arguments.  *See, e.g., Dubsky v. Astrue*, No. 4:08CV3057, 2010 WL 1780009 (D. Neb. Apr. 30, 2010) (ordering plaintiff's counsel to refund the full EAJA award, which included payment for attorney, law clerk and paralegal work, after receiving § 406(b) fees); *Mitchell v. Astrue*, No. 4:08CV3230, 2010 WL 1438985, at *2 (D. Neb. Apr. 12, 2010) ("The law provides that, when an attorney receives both EAJA and § 406(b) awards, the attorney must refund the smaller amount to the claimant. That procedure will be followed in this case."); *Tyrrell v. Astrue*, No. 4:07CV3001, 2009 WL 1427360, at *2 (D. Neb. May 21, 2009) (requiring plaintiff's counsel to refund the total EAJA award of

$5,866.49, including the paralegal fee); *See also* Dubsky v. Astrue, No. 4:8:06CV446, 2009 WL 1606058 (D. Neb. June 8, 2009). The same procedure will be followed in this case. Accordingly, Sahs' Motion to Amend or Alter is denied with respect to his request to modify the amount of the refund.

IT IS ORDERED:

1.      Sahs' Motion to Amend or Alter (filing no. 44) is granted in part and denied in part in accordance with this Memorandum and Order.

2.      The court's July 11, 2012, Memorandum and Order is clarified to provide that: The Commissioner shall distribute $14,790.97, the amount withheld to pay Sahs' representative, to Sahs' attorney. *Thereafter*, Sahs' attorney shall immediately refund to Sahs $8,513.30, which is the full amount previously awarded under the EAJA.

DATED this 23rd day of August, 2011.

BY THE COURT:

s/ *Richard G. Kopf*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.